```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|  |  |
|---|---|
| HIGH CONCRETE TECHNOLOGY, LLC, | |
| Plaintiff, | NO. 1:07-CV-00395 |
| v. | |
|  | **OPINION AND ORDER** |
| KOROLATH OF NEW ENGLAND, Inc., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's December 2, 2008 Order Denying Plaintiff's Motion for Summary Judgment (doc. 72), Defendant Korolath of New England's Response in Opposition (doc. 73), and Plaintiff's Reply (doc. 76). For the reasons indicated herein the Court DENIES the Plaintiff's Motion for Reconsideration.

The parties in this matter are in dispute over plastic "non-slip shims," which Defendant Korolath of New England, Inc. ("Korolath") sold to Plaintiff High Concrete Technology, LLC ("High Concrete") for use in its construction projects. Plaintiff used Defendant's shims, which must bear large amounts of weight, to level and support precast concrete and other structures. Plaintiff installed Defendant's shims in at least eighteen construction projects, and complains that it was forced at great expense to replace many of the shims, because they were defective in failing to bear the loads placed upon them.

On October 1, 2008, Plaintiff moved for summary judgment on its claims against Korolath for breach of express and implied warranties under Ohio law, and for breach of contract (doc. 58). In Plaintiff's view, Defendant's sales representative, William Cosgrove, provided its engineering manager with a brochure warranting shims with "Compressive strength of 8 to 9,000 psi [pounds per square inch] with no fracture even at 26,000 psi" (Id.). Plaintiff argued there is no genuine dispute of material fact that Defendant breached an express warranty by selling shims with compressive strengths far below those advertised in Defendant's brochure, and breached the implied warranty of merchantability and fitness for a particular purpose because the shims did not measure up for their intended use (Id.). Plaintiff similarly argued Defendant breached the sales contract and the duty of good faith and fair dealing by failing to supply shims meeting specifications (Id.).

The Court held a hearing on the matter, at which time Defendant proffered Cosgrove's deposition testimony, which reflects that Cosgrove qualified the psi strength for non-slip shims as "approaching" 5,200 psi, with decreasing strength if the shims were stacked. The Court rejected Plaintiff's motion, finding a genuine issue of material fact as to the warranty that Cosgrove actually made, and further, found issues as to whether Defendant breached the warranty (doc. 71). Specifically, the Court noted that

Defendant's testing of compressive strengths produced results of 3,647 psi, 4,110 psi, 4,756 psi, and 4,827 psi, all of which fall below 5,200 psi, but which might be reasonably considered as "approaching" 5,200 psi, depending on the interpretation of the warranty, the relative differences in psi, and the validity of the sample size (Id.).

Plaintiff now asks the Court to reconsider its Order, based on two arguments (doc. 72). First, Plaintiff argues that even if the Court would accept 5,200 psi as the warranted compression level, the facts show that Defendants' shims failed to meet such standard (Id.). As such, contends Plaintiff, there is no need to make a credibility determination between Cosgrove and Robinson to determine the warranty, and the Court can make such determination based on the record before it (Id.). Second, Plaintiff argues there is no dispute of fact concerning the failure of the shims, and the Court can determine from the shim testing results that muliple samples failed at pressure lower than 5,200 psi (Id.).

Defendant Korolath responds, citing this Court's decision in Cincinnati Gas & Electric Co. v. Hartford Steam Boiler Inspection & Ins. Co., 2008 U.S. Dist. LEXIS 76625 at *3 (S.D. Ohio, Sept. 9, 2008), in which the Court stated that "a motion for reconsideration is not a tool for an unhappy party to use in order to relitigate matters already decided" (doc. 73). Korolath argues

here Plaintiff presents no new evidence, raises no change in controlling law, nor signals a manifest injustice that needs to be prevented (Id.). Korolath argues that Plaintiff merely attempts to characterize the testimony of Cosgrove to equate a warranty of 5,200 psi, when in fact, the evidence shows he warranted compressive strengths "approaching" 5,200 psi (Id.). In Korolath's view, therefore, there remains a genuine issue of material fact surrounding its alleged express warranty (Id.). As for Plaintiff's second argument, Korolath argues the shims falling below 5,200 psi could be in a range reasonably considered as approaching 5,200 psi (Id.). For these reasons, Defendant argues the Court should deny Plaintiff's motion for reconsideration (Id.).

Plaintiff replies the Court can determine the parameters of Defendant's warranty for its non-slip shims as a matter of law, and need not weigh the testimony of Cosgrove and Robinson (doc. 76). Plaintiff further replies that Korolath's testing of the shims showed failure under pressures as low as 3,647 psi, some thirty percent below the 5,200 psi cap (Id.). Plaintiff argues the Court can conclude without expert or fact testimony that thirty percent below 5,200 amounts to a breach of warranty (Id.).

Having reviewed this matter, the Court first notes that its previous Order incorrectly referred to jury determinations in this matter (doc. 71). This matter is set for a bench trial. Nonetheless, the Court finds no basis to reconsider the conclusion

in its previous Order.  Plaintiff has not shown a clear error of law, an intervening change in law, or a need to prevent manifest injustice.  Moreover, the Court finds a lack of evidence in the record to support Plaintiff's theory that it is entitled to judgment as a matter of law.  The Court cannot enforce a warranty when the parameters of such warranty remain unclear, and when there is a lack of expert testimony to convince that Court that the stated figures in the range below 5,200 psi do not "approach" such level.  Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration (doc. 72).

       SO ORDERED.


Dated: June 3, 2009            /s/ S. Arthur Spiegel
                                        S. Arthur Spiegel
                                          United States Senior District Judge